UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tamicka Clark, William Clark, and Tamicka
Clark on behalf of her minor children J.M.
and M.C.,[1]

        Plaintiffs,

v.                                       Civil No. 14-3441 (JNE/SER)
                                       ORDER
Apple Minnesota, LLC,

        Defendant.

This is an action for negligence and strict liability brought by Tamicka Clark,

William Clark, and Tamicka Clark on behalf of her minor children (collectively,

Plaintiffs) against Apple Minnesota, LLC.  Plaintiffs asserted that the Court has

jurisdiction over the action on the basis of 28 U.S.C. § 1332 (2012).  The Court has "an

independent obligation to determine whether subject-matter jurisdiction exists, even

when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Accordingly, the Court observes that Plaintiffs failed to state the parties' citizenships.

The Court affords Plaintiffs an opportunity to file an amended complaint.

A district court has original jurisdiction of a civil action where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

---

[1]     A filing that contains the name of an individual known to be a minor may include only the minor's initials. Fed. R. Civ. P. 5.2(a)(3). "A person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal." Fed. R. Civ. P. 5.2(h). "The responsibility to redact filings rests with counsel and the party or non-party making the filing." Fed. R. Civ. P. 5.2 advisory committee notes. Although the full names of Tamicka Clark's minor children appear repeatedly in the Complaint, their initials appear here.

between citizens of different states.  28 U.S.C. § 1332(a)(1).  "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties."  *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990).

Plaintiffs bear the burden of alleging each party's citizenship.  *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).  In their Complaint, Plaintiffs alleged that "Tamicka Clark is a resident of . . . Minnesota"; that "William Clark is a resident of . . . Minnesota"; and that "Tamicka Clark's minor children . . . are residents of . . . Minnesota."  An allegation that an individual is a "resident" of a state does not state the individual's citizenship.  *Reece v. Bank of N.Y. Mellon*, Nos. 12-3526, 13-1245, 2014 WL 3714782, at *4-5 (8th Cir. July 23, 2014).  Accordingly, Plaintiffs failed to allege their own citizenships.

Plaintiffs also failed to allege Apple Minnesota's citizenship.  They alleged that Apple Minnesota "is a corporation organized under the laws of Delaware" and that "its principal place of business is located in the State of Ohio."  Because "LLC" appears in its name, Apple Minnesota is apparently a limited liability company.  Databases that are available on the websites of Minnesota's and Delaware's secretaries of state reveal that Apple Minnesota is a limited liability company.  *Cf. Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692-93 (7th Cir. 2003) (noting court had consulted databases of incorporation).  For purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members.  *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit LLC v. Dillard*

2

*Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).  "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company."  *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *see D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-27 (1st Cir. 2011) (per curiam); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam); *cf. Barclay Square Props.*, 893 F.2d at 969 ("Barclay Square Properties is a limited partnership, and because its complaint did not allege the citizenship of each limited partner, the pleadings were insufficient to establish diversity jurisdiction.").  "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay*, 585 F.3d at 1005.  Plaintiffs did not allege the citizenship of Apple Minnesota's members or sub-members.

In short, Plaintiffs failed to allege the parties' citizenships.  Unless Plaintiffs file within 7 days of the date of this Order an amended complaint that redresses the deficiencies noted above, the Court will dismiss this action for lack of subject-matter jurisdiction.  *See* 28 U.S.C. § 1653 (2012); *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998).

IT IS SO ORDERED.

Dated: September 16, 2014

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge